FILED

MAY - 7 2019

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 2:19cr19-TSK |
| ROGER D. CLEM, JR. and<br>ALTON L. SKINNER, II, | Violations:<br>18 U.S.C. § 2<br>18 U.S.C. § 1001(a)(2)<br>18 U.S.C. § 1341<br>18 U.S.C. § 1343<br>18 U.S.C. § 1349<br>18 U.S.C. § 1512(c)(2) |
| Defendants. | |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

(Conspiracy to Commit Mail Fraud and Wire Fraud)

At all relevant times:

1. The Magistrate Court of Lewis County, West Virginia, located in Weston, West Virginia, was comprised of two magistrates.

2. A primary purpose of the Magistrate Court of Lewis County was to admit bail in all criminal matters in Lewis County except capital offenses.

3. Defendant **ROGER D. CLEM, JR.** was a duly elected Lewis County magistrate authorized to admit bail in all criminal matters in Lewis County except capital offenses.

1

4. West Virginia state law required a county magistrate to furnish a detainee with a written list of all persons engaged under the authority of the circuit court in the business of becoming surety for compensation, when the detainee indicated a desire to communicate with a surety. W.Va. Code § 51-10-6.

5. It was the practice of the Lewis County magistrates to present detainees with a collage of business cards of the bonding companies authorized to engage in the business of becoming surety for compensation in criminal cases exercising jurisdiction in Lewis County.

6. E-Z-Out Bonding LLC ("E-Z-Out") was a company based in Sand Fork, Gilmer County, West Virginia, that was authorized to engage in the business of becoming surety for compensation in criminal cases exercising jurisdiction in Lewis County.

7. The authorization of E-Z-Out was conditioned on it being underwritten by Lexington National Insurance Corporation ("Lexington National"), based in Lutherville, Maryland.

8. Dave Bourne Bail Bonds, Inc. ("Dave Bourne Bail Bonds"), based in Verona, Virginia, was the general agent of Lexington National.

9. T.E.S. was listed on company records as the organizer and sole member of E-Z-Out. In addition, T.E.S. worked as an authorized bonding agent for E-Z-Out.

10. S.D.S. worked as an authorized bonding agent for E-Z-Out.

11. Defendant **ALTON L. SKINNER, II** was a duly elected Gilmer County magistrate, the spouse of T.E.S., and the father of S.D.S.

12. Companies other than E-Z-Out authorized to engage in the business of becoming surety for compensation in criminal cases exercising jurisdiction in Lewis County included A-1 Walton's Bonding and Bill's Bail Bonds, both based in Buckhannon, West Virginia; M&M Bonding, based in Clarksburg, West Virginia; Minard's Bail Bonding, based in Fairmont, West Virginia; AAA Bail Bonds, based in Granville, West Virginia; and Weatherholz Bonding, LLC, based in Cumberland, Maryland.

13. The Central Regional Jail was a regional jail located in Flatwoods, Braxton County, West Virginia, at which Lewis County arrestees could be detained pending arraignment via video teleconference before a Lewis County magistrate and pending trial.

14. West Virginia law prohibited a bonding agent from entering a place of detention, including a county courthouse, for the purpose of obtaining employment as a bonding agent, without having been previously called by a detainee, or by some relative or other authorized person acting for or on behalf of the detainee. W.Va. Code § 51-10-7.

## THE CONSPIRACY

15. Beginning at least as early as in or about December 2016 and continuing through on or about May 7, 2019, in the Northern District of West Virginia and elsewhere, the defendants, **ROGER D. CLEM, JR.** and **ALTON L. SKINNER, II**, did knowingly combine, conspire, confederate, and agree with one another to commit mail fraud and wire fraud, by devising a scheme to defraud and obtain money and property from A-1 Walton's Bonding, Bill's Bail Bonds, M&M Bonding, Minard's Bail Bonding, AAA Bail Bonds, and Weatherholz Bonding, LLC, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1341 and 1343.

## OBJECTS OF THE CONSPIRACY

16. It was a purpose and object of the conspiracy for the defendants to enrich Defendant **ALTON L. SKINNER, II** through mail fraud and wire fraud.

17. It was a further purpose and object of the conspiracy to hide, conceal, and cover up the nature and scope of the defendants' dealings with one another regarding E-Z-Out business.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

18. Defendant **ROGER D. CLEM, JR.** would take official actions favorable to E-Z-Out, including, but not limited to, setting an unnecessary surety bond.

19. Defendant **ROGER D. CLEM, JR.** would make fraudulent comments to detainees appearing before him and friends and family of detainees appearing before him that were favorable to E-Z-Out to the exclusion of the other authorized bonding companies.

20. Defendant **ROGER D. CLEM, JR.** would conceal from detainees appearing before him and friends and family of detainees appearing before him certain material facts, including, but not limited to, the existence of authorized bonding companies in addition to E-Z-Out.

21. Defendant **ROGER D. CLEM, JR.** would fail to disclose material facts, which he was under a legal, professional, and contractual duty to disclose, to detainees appearing before him, to friends and family of detainees appearing before him, and to the other authorized bonding companies, including, but not limited to, his relationship with Defendant **ALTON L. SKINNER, II**.

22. Defendant **ROGER D. CLEM, JR.** would place a telephone call to Defendant **ALTON L. SKINNER, II** to arrange the bond of a detainee without presenting a list of authorized bonding companies to the detainee.

23. Defendant **ROGER D. CLEM, JR.** would place a telephone call to Defendant **ALTON L. SKINNER, II** to arrange for T.E.S. or S.D.S. to be present at the arraignment of a detainee without being so requested by the detainee or a representative of the detainee and without presenting a list of authorized bonding companies to the detainee.

24. Defendant **ALTON L. SKINNER, II** would ensure that the underwriting of E-Z-Out was maintained through Lexington National via use of the mail and interstate and foreign wire transmissions.

25. Defendant **ALTON L. SKINNER, II** would ensure the collection of the bonding fees, including the collection of funds retrieved via interstate and foreign wire transmission.

All in violation of Title 18, United States Code, Section 1341, 1343, and 1349.

## COUNTS TWO AND THREE

(Wire Fraud)

1. Paragraphs 1 through 14 of Count One of this Indictment are incorporated by reference as though fully set forth herein.

2. On or about the dates listed in the chart below, in the Northern District of West Virginia, the defendants, **ROGER D. CLEM, JR.** and **ALTON L. SKINNER, II**, aiding and abetting one another, devised and intended to devise a scheme and artifice to defraud and obtain money and property from A-1 Walton's Bonding, Bill's Bail Bonds, M&M Bonding, Minard's Bail Bonding, AAA Bail Bonds, and Weatherholz Bonding, LLC by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and deprive, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communications, certain signs and signals.

### THE SCHEME AND ARTIFICE TO DEFRAUD

3. The objects of the scheme and artifice to defraud were for the defendants to defraud to defraud and obtain money and property from A-1 Walton's Bonding, Bill's Bail Bonds, M&M Bonding, Minard's Bail Bonding, AAA Bail Bonds, and Weatherholz Bonding, LLC by Defendant **ROGER D. CLEM, JR.** making materially false and fraudulent representations to defendants appearing before him and friends and family of defendants appearing before him.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

4. Paragraphs 18 through 25 of the Manner and Means of the conspiracy charged in Count One of this Indictment are hereby incorporated by reference as though fully set forth herein, as Manner and Means of the Scheme and Artifice to Defraud.

## USE OF INTERSTATE WIRE COMMUNICATIONS

5. On or about the dates listed in the chart below, in the Northern District of West Virginia and elsewhere, the defendants, **ROGER D. CLEM, JR.** and **ALTON L. SKINNER, II**, aiding and abetting one another, for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, the following writings and signals, as more specifically described below:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 2 | February 13, 2018 | The defendants caused D.E.C. to obtain a cash advance, which was processed via wire communications transmitted from Sutton, West Virginia to a place outside of the State of West Virginia. |
| 3 | February 17, 2018 | The defendants caused S.E.C. to withdraw cash from an automatic teller machine, which was processed via wire communications transmitted from Weston, West Virginia to a place outside the State of West Virginia. |

Each of the wire communications listed above constituting a separate and distinct violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS FOUR AND FIVE

(Mail Fraud)

1. Paragraphs 1 through 14 of Count One of this Indictment are incorporated by reference as though fully set forth herein.

2. On or about the dates listed in the chart below, in the Northern District of West Virginia, the defendants, **ROGER D. CLEM, JR.** and **ALTON L. SKINNER, II**, aiding and abetting one another, devised and intended to devise a scheme and artifice to defraud and obtain money and property from A-1 Walton's Bonding, Bill's Bail Bonds, M&M Bonding, Minard's Bail Bonding, AAA Bail Bonds, and Weatherholz Bonding, LLC by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and deprive, did deliver and cause to be delivered by mail according to the direction thereon, a matter and thing, as more specifically described below.

### THE SCHEME AND ARTIFICE TO DEFRAUD

3. The objects of the scheme and artifice to defraud were for the defendants to defraud to defraud and obtain money and property from A-1 Walton's Bonding, Bill's Bail Bonds, M&M Bonding, Minard's Bail Bonding, AAA Bail Bonds, and Weatherholz Bonding, LLC by Defendant **ROGER D. CLEM, JR.** making materially false and fraudulent representations to defendants appearing before him and friends and family of defendants appearing before him.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

4. Paragraphs 18 through 25 of the Manner and Means of the conspiracy charged in Count One of this Indictment are hereby incorporated by reference as though fully set forth herein, as Manner and Means of the Scheme and Artifice to Defraud.

## USE OF MAIL

5. On or about the dates listed in the chart below, in the Northern District of West Virginia and elsewhere, the defendants, **ROGER D. CLEM, JR.** and **ALTON L. SKINNER, II**, aiding and abetting one another, for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, knowingly delivered and caused to be delivered by mail according to the direction thereon, the following matters and things.

| COUNT | DATE | DESCRIPTION OF MAILING |
|---|---|---|
| 4 | December 19, 2016 | The defendants caused T.E.S. to mail a contract between Dave Bourne Bail Bonds and T.E.S. to Dave Bourne Bail Bonds. |
| 5 | March 22, 2018 | The defendants caused T.E.S. to mail two checks to Dave Bourne Bail Bonds. |

Each of mailings listed above constituting a separate and distinct violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SIX

(Obstruction of Justice)

On or about January 17, 2019, in Gilmer County, West Virginia, in the Northern District of West Virginia, the defendant, **ALTON L. SKINNER, II**, did corruptly attempt to obstruct, influence, and impede a Northern District of West Virginia grand jury investigation, an official proceeding, by making the following statements and representations during an interview conducted in furtherance of said grand jury investigation: (1) his involvement with E-Z-Out had been limited to conducting bank deposits, handling the mail, and accompanying T.E.S. to meet with clients; and (2) he believed detainees had selected E-Z-Out from a list posted in the Lewis County courthouse; in violation of Title 18, United States Code, Section 1512(c)(2).

## COUNT SEVEN

(False Statement to a Federal Agent)

On or about January 17, 2019, in Gilmer County, West Virginia, in the Northern District of West Virginia, in a matter within the jurisdiction of the executive branch of the Government of the United States, the defendant, **ALTON L. SKINNER, II**, did knowingly and willfully make a materially false, fictitious, fraudulent statement and representation, that is, the defendant stated and represented to a special agent of the Internal Revenue Service-Criminal Investigation that: (1) his involvement with E-Z-Out had been limited to conducting bank deposits, handling the mail, and accompanying T.E.S. to meet with clients, when the defendant then and well knew that he had collected clients from the Central Regional Jail and accepted payments from clients; and (2) he believed detainees had selected E-Z-Out from a list posted in the Lewis County courthouse, when the defendant then and well knew that Lewis County Magistrate Roger D. Clem, Jr. was influencing detainees and the friends and family of detainees to select E-Z-Out; in violation of Title 18, United States Code, Section 1001(a)(2).

## **COUNT EIGHT**

(Obstruction of Justice)

On or about February 27, 2019, in Lewis County, West Virginia, in the Northern District of West Virginia, the defendant, **ROGER D. CLEM, JR.**, did corruptly attempt to obstruct, influence, and impede a Northern District of West Virginia grand jury investigation, an official proceeding, by making the following statements and representations during an interview conducted in furtherance of said grand jury investigation: (1) during arraignments, he presents detainees with a list of authorized bonding companies, comprised of a collage of business cards; (2) he does not select the bonding company for the detainee; (3) he had not directed bonds to E-Z-Out; (4) he asks defendants "which one do you want, I will call for you"; (5) if a defendant voluntarily appeared in court, he would not require the defendant to post a bond to remain free; (6) no one had told him to stop calling E-Z-Out for defendants; and (7) since the suspension of S.D.S., he had not admitted any defendants to the bail of E-Z-Out; in violation of Title 18, United States Code, Section 1512(c)(2).

## FORFEITURE ALLEGATION

1.     The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1341, 1343, and 1349 set forth in Counts One through Five of this Indictment, the defendant, **ALTON L. SKINNER, II**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of $18,900.00.

3.     If any of the property described above, as a result of any act or omission of the defendant:

   a.    cannot be located upon the exercise of due diligence;

   b.    has been transferred or sold to, or deposited with, a third party;

   c.    has been placed beyond the jurisdiction of the court;

   d.    has been substantially diminished in value; or

   e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A true bill,

/s/
Foreperson

/s/ William J. Powell
WILLIAM J. POWELL
United States Attorney

Jarod J. Douglas
Assistant United States Attorney

14