IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                         **CRIMINAL NO. 2:19-CR-19**
                                                                               **(JUDGE KLEEH)**

**ROGER D. CLEM, JR., and**
**ALTON L. SKINNER, II,**

    **Defendants.**

## REPORT AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED

This matter is before the undersigned pursuant to a referral order (ECF No. 37) entered by District Judge Thomas S. Kleeh on August 29, 2019, and the pending Motion (ECF Nos. 34, 35) to the undersigned. This matter is now ripe for a report and recommendation to the Honorable Thomas S. Kleeh. Accordingly, the undersigned **RECOMMENDS** that the Motion be **DENIED** for the foregoing reasons.

### I.  BACKGROUND

On May 7, 2019, Defendants Roger D. Clem, Jr. and Alton L. Skinner, II, were charged in the Indictment with one count of Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349; two counts of Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2; and two counts of Mail Fraud in violation of 18 U.S.C. §§ 1341 and 2. Defendant Clem is charged individually with one count of Obstruction of Justice in violation of 18 U.S.C. § 1512(c)(2). Defendant Skinner is charged individually with one count of Obstruction of Justice in

violation of 18 U.S.C. § 1512(c)(2) and one count of making a False Statement to a Federal Agent in violation of 18 U.S.C. §1001(a)(2).

### a. Defendant Clem's Motion to Dismiss

On August 19, 2019, Defendant Clem filed a Motion to Dismiss Indictment for Insufficiency and Incorporated Memorandum of Law. ECF No. 34. In his Motion and Incorporated Memorandum, Defendant Clem claim that the Indictment is insufficient and must be dismissed because the charges contained in their Motion fail to allege offenses against Defendants. Specifically, Defendant Clem alleges as follows:

### i. Counts Two and Three (Wire Fraud)

Defendant Clem argued that Counts Two and Three of the Indictment—Wire Fraud—fail to allege an offense. ECF No. 34 at ¶¶ 6, 8. Defendants argued that the alleged wire communications "are clearly not in furtherance of any claimed scheme," ECF No. 34 at ¶ 6. Furthermore, even if a scheme did exist, the scheme would be the directing of business to E-Z Out Bonding, LLC. Defendants argued that there was no connection between the use of a cash advance or an automatic teller machine to the alleged scheme. Furthermore, without a material statement or omission, there can be no wire fraud. Id. at ¶¶ 7-8.

### ii. Counts Four and Five (Mail Fraud)

Defendants argued that Counts Four and Five of the Indictment do not properly allege that the mailings discussed in Counts Four and Five are false, the mailings are "clearly not in furtherance of any claimed scheme," there is no connection between the alleged scheme and the use of the mailings, and there is no materiality. Id. at ¶ 14. Defendants claim that any scheme, if assumed to be present, would be for the directing of business to E-Z Out Bonding LLC. Id. at ¶ 15.

### iii.  *Counts Six and Eight (Obstruction of Justice)*

Defendant Clem argued that Counts Six and Eight of the Indictment insufficiently alleged that the statements were not made to a grand jury, not made under oath, nor recorded. Id. at ¶ 22. Defendants do not discount the veracity of their statements but assert that the statements were not made in the context of an official proceeding. Id. at ¶ 24.

### iv.  *Count One (Conspiracy to Commit Wire and Mail Fraud)*

Defendants reasserted their arguments in regard to the other counts and asserted that any actions taken by Defendants were not in furtherance of a scheme to commit wire fraud or mail fraud, nor were the actions connected to a scheme to defraud bonding companies. Id. at ¶¶ 28 – 29. Because the actions of the Defendants were not connected to crimes of wire fraud or mail fraud, Defendants asserted that there is no conspiracy to commit wire fraud or mail fraud. Id. at ¶ 29.

**b. Defendant Skinner's Motion**

On August 19, 2019, Defendant Skinner filed a Motion to Join Defendant Clem's Motion to Dismiss Indictment for Insufficiency and Incorporated Memorandum of Law. ECF No. 35. Defendant Skinner moved to dismiss the Indictment and incorporated all[1] legal theories and arguments presented in Defendant Clem's Motion.

**c. Government's Response**

On August 26, 2019, the Government filed is Response to Defendants' Motions to Dismiss. ECF No. 36.

---

[1] While Defendant Skinner joined Defendant Clem's Motion to Dismiss in its entirety, Defendant Skinner failed to supplement his joinder by moving to dismiss Count Six (Obstruction of Justice) or Count Seven (False Statement to a Federal Agent), both of which pertain to Defendant Skinner alone. The Government assumed that Defendant Skinner, when joining Defendant Clem's motion, also intended to also move to dismiss Count Six of the Indictment and responded as so. (ECF No. 36 at 2). The undersigned addresses Count Eight as if Defendant Skinner moved to dismiss Count Eight. Count Seven was not addressed by any party and is not considered by the undersigned.

### i.   *Counts Two and Three (Wire Fraud)*

The Government asserted that the wire communications on February 13, 2018, and February 17, 2018, sufficiently formed a factual basis for Counts Two and Three of the Indictment. ECF No. 36, at 2–3.  The Government stated that the Indictment alleged that the Defendants transmitted the communications for the purpose of the scheme and the Defendants attempted to defraud the bonding companies through materially false means.  Id. at 3.  The Government argued that these allegations alone are sufficient to warrant the denial of Defendants' Motions to Dismiss. Id.

### ii.   *Counts Four and Five (Mail Fraud)*

The Government argued that the mailings involved in a mail fraud do not need to be false, and may, in fact, be innocent.  Id. at 4 (citing United States v. Edwards, 188 F.3d 230 (4th Cir. 1999)).  The Government also asserted that the allegations contained within the Indictment are sufficient as the Indictment tracks the Statute and do not justify granting the Motion to Dismiss. Id. at 4.

### iii.   *Count One (Conspiracy to Commit Mail Fraud and Wire Fraud)*

The Government reincorporated and reiterated its prior arguments in support of the denial of the Motion to Dismiss.  Id. at 5.

### iv.   *Counts Six and Eight (Obstruction of Justice)*

The Government argued that both Counts Six and Eight of the Indictment adequately alleged an offense because the charges properly track the statutory language.  Id. at 5.  The Government argued that the statements do not have to be made in front of a grand jury, but there must be a nexus between the defendant's conduct and an official proceeding.  Id. at 6. The

Government also asserts that statement does not need to be false to constitute obstruction of justice. Id. at 6.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 7 provides that the Indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed.R.Crim.P. 7(c)(1). "One of the principal purposes of an indictment is to apprise the accused of the charge or charges leveled against him so he can prepare his defense." United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990). The Fourth Circuit Court of Appeals has stated that "[t]o pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) (citing United States v. Sutton, 961 F.2d 476, 479 (4th Cir. 1992)).

An indictment is generally sufficient if it tracks the words of the statute itself and includes "a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Hamling v. United States, 418 U.S. 87, 117–18 (1974) (quoting United States v. Hess, 124 U.S. 483, 487 (1888)). In analyzing the sufficiency of an indictment, a court will look "at the contents of the subject indictment, 'on a practical basis and in [its] entirety, rather than in a hypertechnical manner.'" United States v. McLeczynsky, 296 F.3d 634, 636 (7th Cir. 2002) (quoting United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000)). The indictment, however, must contain "those words of [that] fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute of offense intended to be punished." Hamling, 418 U.S. at 117. The language must also

include a "general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Id. at 118 (citing Hess, 124 U.S. at 487). In resolving a motion to dismiss the indictment based on failure to state an offense, this Court must view the allegations of the indictment as true. United States v. Sampson, 371 U.S. 75, 76 (1962).

### III.   ANALYSIS

**a. The undersigned finds that Counts Two and Three sufficiently allege Wire Fraud because the language contained in Counts Two and Three "track" the language of the statute.**

The Defendants' argued that their wire communications were not part of a scheme. When the language within an indictment sufficiently "tracks" the language of the statute, including terms of art or other specific words and phrases, then the Indictment is sufficient. The offense of Wire Fraud, as defined in Title 18, United States Code, Section 1343, states as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Counts Two and Three of the Indictment established the offense of Wire Fraud and provided a sufficient factual basis for the charge. Specifically, Counts Two and Three of the Indictment span approximately one and a half pages, whereby the government tracks the language of the statute and then provides a factual basis, including dates and descriptions of the events giving rise to the use of interstate wire communication. The Defendants' argument that their wire communications were not part of a scheme fails as the Government has minimally alleged that the wire communications were part of a scheme as required to withstand a motion to dismiss.

Therefore, the undersigned **FINDS** that the Government has sufficiently alleged that Defendants committed Wire Fraud.

### b. The undersigned finds Counts Four and Five sufficiently alleged Mail Fraud.

The Defendants argued that the mailings referred to within Counts Four and Five of the Indictment were not false, the mailings were not sent in furtherance of an alleged scheme, the mailings have any connection with a scheme to commit mail fraud, nor are the mailings material. Title 18, United States Code, Section 1341 state in pertinent part:

> *Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises*, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, *for the purpose of executing such scheme or artifice or attempting so to do*, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

#### i. The Mailings are not required to be false under the Statute.

Under 18 U.S.C. § 1341, it is not necessary to allege that the mailings, which are the subject of the Mail Fraud, are false. While use of the mailings may be part of the scheme, the mailings are not necessarily required to constitute the heart of the fraudulent scheme. United States v. Gillion, 704 F.3d 284, 297 (4th Cir. 2012). Moreover, the statute itself requires that the scheme or artifice to defraud or obtaining money or property be done by means of false or fraudulent pretenses, representations, or promises, but does not require the mailing to be false.

### ii. The Indictment sufficiently alleged that the mailings were sent in furtherance of the scheme and made in connection with the scheme.

The elements of Mail Fraud must be established by a showing that "the defendant (1) knowingly participated in a scheme to defraud and (2) mailed, or caused to be mailed, anything 'for the purpose of executing such scheme.'" United States v. Pierce, 409 F.3d 228, 232 (4th Cir. 2005) (quoting 18 U.S.C. § 1341). The mailing must be "part of the execution of the fraud." Kann v. United States, 323 U.S. 88, 95 (1944). However, "it is enough that the mailing be 'incident to an essential part of the scheme, or a step in the plot.'" Pierce, 409 F.3d at 232 (quoting Schmuck v. United States, 489 U.S. 705, 711 (1989)). The Defendants argued that the mailings were not sent in the furtherance nor do the mailings have any connection to the scheme. This argument fails because the Indictment, at a minimum, sufficiently alleged that the mailings were made in furtherance or the scheme to defraud other bail bonds companies and the Indictment sufficiently tracks the language provided in the Statute.

### iii. The Mailings do not need to be material to the scheme to defraud.

Defendants argued that there is no materiality between the alleged scheme and the use of the mailings. ECF No. 34, at 3. Specifically, Defendants cite Neder v. United States, 527 U.S. 1 (1999). The Neder Court determined that because Congress failed to specifically state that the common law meaning of fraud did not apply to the mail and wire fraud statutes, the common law definition of fraud applied. This common law definition "required a misrepresentation or concealment of *material* fact." Neder, 527 U.S. at 22. The Court held that "materiality of falsehood is an element of the federal maid fraud, wire fraud, and bank fraud statutes." Id. This holding, however, does not require the mailing to be material. Specifically, the Indictment alleged "a scheme and artifice to defraud and obtain money and property from [other bonding companies] by means of *materially* false and fraudulent pretenses, representations, and promises." ECF No. 1, at

8. The Indictment sufficiently alleged the materiality element by referencing the false and fraudulent pretenses, representations, and promises were material.

The undersigned **FINDS** that the Indictment states that the mailings were made in furtherance to and in connection to a scheme or artifice to defraud; the mailings did not need to be false; and the mailings did not need to be material. Accordingly, the undersigned **FINDS** that the Indictment sufficiently alleged Counts Four and Five.

c. **The undersigned finds Count One to be sufficiently alleged in the Indictment because the Indictment, read in its entirety, describes the nature of the conspiracy offense and the elements of the offenses which are the object of the conspiracy.**

Defendants argued that the Indictment insufficiently alleged that Defendants Skinner and Clem committed conspiracy to commit Mail Fraud and Wire Fraud because no scheme to commit wire fraud or mail fraud existed, nor were Defendants' actions executed with the intent to defraud the bonding companies.

While the Indictment must describe the offense for which the defendant is charged with particularity, the same level of particularity is not required when charging a defendant with conspiracy to commit a particular offense. Center v. United States, 96 F.2d 127, 129 (4th Cir. 1938) (citing Hill et al. v. United States, 42 F.2d 812, 813 (1930)). When alleging a conspiracy charge, there must be a sufficient description of the object of the conspiracy which fairly and reasonably informs the defendant of the character of the offense charged. Id.

The undersigned finds that Count One of the Indictment, charging both Defendant Skinner and Defendant Clem with Conspiracy to Commit Mail Fraud and Wire Fraud, sufficiently alleged the charge against Defendants. Count One sets forth twenty-five paragraphs as the factual basis for charging Defendants Clem and Skinner with Conspiracy to Commit Mail Fraud and Wire Fraud. The first fourteen paragraphs establish pertinent background information necessary to

understand the nature of the conspiracy charged in the Indictment. Paragraph fifteen asserts the presence of a conspiracy. The statutory language reflected in both the Mail Fraud and Wire Fraud statutes is sufficiently tracked in Paragraph Fifteen, which reads, in pertinent part:

> **ROGER D. CLEM, JR.** and **ALTON L. SKINNER, II** did knowingly combine, conspire, confederate, and agree with one another to commit mail fraud and wire fraud, by devising a scheme to defraud and obtain money and property from [bonding companies] by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1341 and 1343.

ECF No. 1, at 3.

Paragraphs Sixteen and Seventeen describe the objects of the conspiracy. Paragraphs Eighteen through Twenty-Five describe the manner and means of the conspiracy. Not only did the Government assert that Defendants Skinner and Clem were involved in a conspiracy to commit Mail Fraud and Wire Fraud, it provided a comprehensive factual basis for the charge.

While the elements of Mail Fraud and Wire Fraud are not meticulously listed in Count One, as a practical matter, the undersigned finds that the Defendants were reasonably informed of the nature of the charge because the offenses of Wire Fraud and Mail Fraud are also charged in the Indictment under Counts Two, Three, Four, and Five respectively. Reading the Indictment in its entirety, the Defendants were properly notified of the charges against them. That is all which is required at this stage of the proceedings; Defendants' argument that there was no scheme to defraud fails as it's raised in this Motion to Dismiss. Accordingly, the undersigned finds that there is a sufficient basis for Count One of the Indictment charging the Defendants with Conspiracy to Commit Wire Fraud and Mail Fraud.

> **d.    The undersigned finds Counts Six and Eight contain sufficient allegations because the Indictment indicates that a grand jury investigation was ongoing, and there is a sufficient factual basis for the charge.**

Defendant argued that the Indictment insufficiently alleged that Defendants Skinner and Clem obstructed justice because the statements made to investigating officers were not made in front of a grand jury nor were they alleged to be false in the Indictment. ECF No. 34, at 4-5.  Title 18, United States Code, Section 1512, states in pertinent part:

> Whoever corruptly--
>
> **(1)** alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> **(2)** otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

> > **i.  Statements do not need to be made in front of a grand jury to have obstructed a grand jury investigation.**

Defendants argued that none of the statements provided by Defendants were made in front of a grand jury and thus could not amount to obstruction of justice. The undersigned finds, however, that the statements do not need to be made to a grand jury under oath.

To commit the offense of obstruction of justice, a person must "corruptly . . . obstruct[], influence[], or impede[] any official proceeding, or attempt[] to do so." 18 U.S.C. § 1512(c)(2). An official proceeding includes a "Federal grand jury" or "a proceeding before a Federal Government agency which is authorized by law." Id. at § 1515(a)(1).  Implicitly, an official proceeding under this definition is formal and not merely a routine investigation. See United States v. Ermoian, 752 F.3d 1165 (9th Cir. 2013) (holding that an FBI investigation is not an official proceeding within the meaning of the federal obstruction of justice statute). Rather, the

11

Government must prove that there is a sufficient "nexus" and "the act must have a relationship in time, causation, or logic with the judicial proceedings." United States v. Aguilar, 515 U.S. 593 (June 21, 1995) (citing United States v. Wood, 6 F.3d 692, 696 (10th Cir. 1990) (abrogated by Hubbard v, United States, 514 U.S. 695 (May 15, 1995)).

The Indictment states that Defendants both made statements to investigators during interviews in furtherance of a grand jury investigation. The undersigned finds that the Indictment provides sufficient allegations that a grand jury investigation was ongoing, and that Defendants' statements were made in furtherance of that grand jury investigation.

### ii. *Statements made during interviews did not need to be false.*

Defendants argued that the statements provided by Defendants to investigators were not alleged to be false in the Indictment. Falsity is not an element of obstruction of justice; falsity of a statement may be sufficient to prove the obstruction, influence, or impediment of an official proceeding, but falsity is not a necessity. "False statements made during an official proceeding may be obstructive. But so too can misconduct that occurs in advance of the proceeding as long as the defendant 'believe[s] that his acts will be likely to affect a pending or foreseeable proceeding.'" United States v. Burge, 711 F.3d 803, 810 (7th Cir. 2013) (citing United States v. Matthews, 505 F.3d 698, 708 (7th Cir. 2007)).

The undersigned **FINDS** that the statements are not required to be false and the statements do not need to be made under oath, recorded, and before the grand jury.

e. **The undersigned finds that the Indictment has sufficiently provided enough information that would allow Defendants to plead double jeopardy in Defendants' defense on all Counts raised in Defendants' Motions to Dismiss.**

For all counts previously discussed herein, the Indictment has sufficiently provided enough information that would allow Defendant to plead double jeopardy in Defendant's defense. The

Indictment contained fourteen pages, eleven of which contain both the tracking of the statutory language, as well as the factual basis for each count. ECF No. 1. The Indictment details the dates on which the alleged mailings took place, the alleged wire communications took place, as well as dates on which the statements occurred. This is enough information to determine whether these charges are brought in violation of Defendants' constitutional right against double jeopardy. Moreover, there has been no indication that any of these charges would be barred by double jeopardy. Therefore, the undersigned finds that the Indictment properly alleged Counts One through Six and Count Eight against both Defendants.

## IV. RECOMMENDATION

For the above reasons, the undersigned **RECOMMENDS** that the Motions to Dismiss (ECF Nos. 34, 35) be **DENIED**.

Any party shall have seven days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a Copy of this Report and Recommendation to counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Report and Recommendation to counsel of record.

Respectfully submitted September 13, 2019

MICHAEL JOHN ALOI<br>
UNITED STATES MAGISTRATE JUDGE